UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                   Civ. No. 08-4694 (PAM)

                Petitioner,

v.                                                        **MEMORANDUM AND ORDER**

Halston C. Kearney,

                Respondent.

---

This matter is before the Court on the Government's Motion for Revocation of Conditional Release. The Court held a hearing on the Motion on October 18, 2012. As noted at the hearing and for the reasons that follow, the Court grants the Motion.

In 2008, the Government filed a Petition to Determine Mental Condition of Respondent Halston C. Kearney under 18 U.S.C. § 4246. The Petition was granted in 2009, with a finding that Respondent was suffering from a mental disease or defect, that his release would create a risk of injury or property damage, and that he was in need of hospitalization in a psychiatric facility for treatment. (March 13, 2009, Order (Docket No. 20) at 1.) Respondent was committed to the Federal Medical Center in Rochester, Minnesota, as a result.

In late July of this year, Mr. Kearney was conditionally released from the previously imposed civil commitment. The Order of Conditional Release stated that he "has recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regimen of care and treatment would no longer create a substantial risk of bodily

injury . . . or serious damage to property . . . ." (July 31, 2012, Order (Docket No. 24) at 1.) The Order also set forth specific conditions for Mr. Kearney's conditional release, including that Mr. Kearney reside at a residential re-entry facility in Los Angeles, participate in mental health and substance abuse treatment, be monitored by mental health professionals, and abide by all treatment plans. (Id. at 2-3.) Finally, the Order provided that Kearney's "failure to adhere to any of the conditions of his release may result in his being taken into custody and brought before this Court for review and possible revocation of his Conditional Release." (Id. at 3.)

Mr. Kearney was released to the Gateways Residential Re-Entry Center in Los Angeles, where he was expected to reside and continue treatment for his mental illness. However, approximately four hours after Mr. Kearney reported to Gateways, he scaled the fence surrounding the facility and disappeared.

Section 4246(f) provides for the revocation of conditional discharge of a person who has been civilly committed. Specifically, if the Court receives notice "that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment" the Court

> shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regiment of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4246(f).

The evidence adduced at the hearing establishes by a preponderance of the evidence that Mr. Kearney is in violation of the terms of his conditional release. Mr. Kearney was expected to reside at Gateways and not leave the facility without permission. Indeed, he was not allowed to leave the facility for any reason for the first few days of his treatment there. Moreover, by absconding from the center, Mr. Kearney violated the express condition of his conditional release that he comply with a prescribed treatment regimen.

Finally, the evidence establishes that, as at the time of Mr. Kearney's initial commitment, his continued release would create a substantial risk of bodily injury to others or a risk of serious property damage of another.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Government's Motion for Revocation of Conditional Release (Docket No. 25) is **GRANTED**;

2. Respondent's conditional release from supervision is **REVOKED**; and

3. Respondent shall be committed to the custody of the United States Attorney General under the terms of the Order dated March 13, 2009 (Docket No. 20).

Dated: October 18, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge