UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civ. No. 08-4694 (PAM) |
| Petitioner, | |
| v. | **ORDER** |
| Halston C. Kearney, | |
| Respondent. | |

On March 13, 2009, this Court committed Respondent Halston C. Kearney to the custody of the Attorney General pursuant to 18 U.S.C. § 4246, until his conditional release under a prescribed regimen of care and treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another. (Docket No. 20.) The Warden at the Federal Medical Center in Springfield, Missouri ("FMC Springfield") has now certified to the Court pursuant to 18 U.S.C. § 4246(e), that Kearney has recovered from his mental disease or defect to the extent that his release under a prescribed regimen of medical, psychiatric or psychological treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. (Docket No. 36.) Pursuant to that certification, the Government has moved for Kearney's conditional release. (Docket No. 37.) Kearney has no objection to the Government's Motion. (Docket No. 42.)

Accordingly, **IT IS HEREBY ORDERED that**, pursuant to the provisions of 18 U.S.C. § 4246(e)(2), the Government's Motion (Docket No. 37) is **GRANTED** and Respondent Halston C. Kearney is conditionally released under the following specific

conditions or regimen of care:

1. Kearney shall reside at and participate in the program at Normandie Village Adult Residential, Gateways Hospital and Mental Health Center, at 1355 S. Hill Street, Los Angeles, California 90015, until discharged by the program director with the approval of the Probation Officer. He will follow all program rules, regulations, and instructions of the staff. Any change of residence must be pre-approved by the Probation Officer.

2. Kearney will voluntarily agree to abide by any treatment plans created by his treatment team at Gateways Hospital and Mental Health Center and with all treatment providers.

3. Kearney will actively participate in, and cooperate with, a regimen of mental health care and psychiatric after care as directed and administered by the treating mental health provider, and as approved by the United States Probation Office. Kearney will comply with treatment recommendations made by his probation officer and/or by the mental health professionals, including his voluntary admission to an inpatient facility for stabilization should it be deemed necessary.

4. Kearney will continue to take his medications, including injectable units, as prescribed for him by the medical provider.

5. Upon the recommendation of the medical provider or probation officer, Kearney will voluntarily admit himself into a hospital for treatment. If he refuses and his continued release would create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he should be remanded to a suitable facility pursuant to 18 U.S.C. § 4246(e).

6. Pursuant to 18 U.S.C. § 4247(e), annual reports shall be filed by the director of the facility in which he is committed, to the Court, with copies to the Assistant United States Attorney, Defendant's Federal Public Defender, and the Warden of the Federal Medical Center in Springfield, Missouri.

7. Kearney will be supervised at the United States Probation Office in Los Angeles, California. Currently, Kearney's case is assigned to Bryan Vander Tuig, telephone number 213-894-3501. This includes Kearney's voluntary consent to waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising Probation Officer, who will assist in evaluating his ongoing appropriateness for community placement.

8. Kearney will remain under supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil

commitment. The primary treatment provider may be changed with the approval of the United States Probation Office.

9. Kearney will consent to have the Social Security Administration appoint a representative payee for his Social Security payments. If any changes in representative payee status are required, his Probation Officer should be notified.

10. Kearney may not have in his possession, at any time, any actual or imitation firearm, destructive device, or other dangerous weapon. He may not write, say, or communicate threats. He shall submit to a warrantless search, at the request of a Probation Officer or any law enforcement officer, of his person and/or property, including vehicle or premises for the purpose of determining compliance with this condition and shall permit confiscation of any such contraband. Revocation of conditional release is mandatory for possession of a firearm.

11. Kearney will abstain from the use of alcohol, illegal narcotic substances or drugs. He shall not use any legal controlled substance not prescribed to him. He will not abuse prescription or over-the-counter medication. He shall not frequent places where alcohol or illegal drugs are known to be the main item of possession, manufacture, or distribution. If determined necessary by the Probation Officer, he will participate in substance abuse treatment and be required to participate in random drug and Breathalyzer testing.

12. The United States Marshals Service shall be notified to return Kearney to the custody of the Attorney General if it is determined that he has violated any conditions which are established for him.

13. Kearney shall comply with the other standard conditions of release as proposed by the United States Probation Office.

14. Following Kearney's release from the program at Gateways Hospital and Mental Health Center, he shall reside at and participate in a residential re-entry center (RRC) for a period of up to 1 year, and shall observe the rules of that facility, until discharged by the program director with the approval of the United States Probation Officer. The subsistence fee is waived as the Defendant does not have the resources to pay.

Kearney's failure to adhere to any of the conditions of his release may result in his return to custody to be brought before this Court for review of his suitability for conditional release.

It shall be the duty and responsibility of the treatment provider to promptly notify the Probation Officer of any changes in the prescribed regimen of medical or psychiatric care, including any failure by Kearney to comply with medication or cooperate with the other requirements of the conditions listed above.

The treatment provider or Probation Officer may at any time recommend modification or elimination of the regimen of medical, psychiatric or psychological care or treatment, upon certification to this Court that to do so would not create a substantial risk of bodily injury to another person or serious damage to property of another. If a request to modify or terminate the conditions of release is made, the party so requesting shall submit a motion to this Court, with adequate documentation supporting the request, and provide copies to the Probation Officer, the Office of the United States Attorney, Defendant's counsel, and the Warden of FMC Springfield.

Pursuant to 18 U.S.C. § 4247(e), the Probation Officer shall file annual reports with the Court, and provide copies to the United States Attorney, Kearney's counsel, and the Warden of FMC Springfield.

Upon receipt and verification of an Order of Conditional Release and prior to the actual date and time of release, the Bureau of Prisons shall notify the appropriate persons to schedule an arrival date, finalize the release paperwork, make transportation arrangements, arrange the initial appointment for mental health aftercare and contact the

assigned Probation Officer. The Probation Officer shall notify the Court of the actual release date from FMC Springfield. The Bureau of Prisons shall release Kearney after all release arrangements are satisfactory and complete.

Dated: September 20, 2017

                                                        *s/ Paul A. Magnuson*
                                                        Paul A. Magnuson
                                                        United States District Court Judge