UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America, Civ. No. 08-4694 (PAM/HB)

Petitioner,

v. **ORDER**

Halston C. Kearney,

Respondent.

---

By Order dated May 11, 2021, the Court revoked the Order of Conditional Release and committed Respondent Halston C. Kearney to the care and custody of the Attorney General pursuant to 18 U.S.C. § 4246(e), until his conditional release under a prescribed regimen of care and treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another. (Docket No. 65.) The Warden at the Federal Medical Center in Rochester, Minnesota (FMC-Rochester) has now certified to the Court, pursuant to 18 U.S.C. § 4246(e)(2), that Kearney has recovered from his mental disease or defect to the extent that his conditional release under a prescribed regimen of medical, psychiatric, or psychological treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another.

The Court solicited the views of the attorneys for the Government and for Kearney. His counsel, by way of an email on August 31, 2026, expressed support for his conditional release. (Docket No. 67.) The Government has filed an Unopposed Motion agreeing to his conditional release under the terms of this Order. (Docket No. 69.)

Accordingly, **IT IS HEREBY ORDERED that** the Court **GRANTS** the Government's Unopposed Motion for Conditional Release (Docket No. 69) and, pursuant to the provisions of 18 U.S.C. § 4243(e)(2), Respondent Halston C. Kearney be conditionally released under the following specific conditions or regimen of care:

1. Kearney shall be supervised by a U.S. Probation Officer, as assigned by the U.S. Probation and Pretrial Services Office within the Central District of California, until he is discharged from all mental health treatment and/or federal civil commitment.
2. When a bed is available, Kearney shall reside at the Gateways Normandie Village, which is located at 1355 South Hill Street, Los Angeles, California 90015, at the direction of the U.S. Probation Officer. The U.S. Probation Officer will be included in all housing decisions and must approve any changes in residence. Any change from this residence shall be approved by the U.S. Probation Officer.
3. Kearney must report to the U.S. Probation Officer within 72 hours of release from imprisonment, unless otherwise directed by the U.S. Probation Officer.
4. Kearney shall be subject to the 20-04 general order, the Standard Conditions of Supervision within the Central District of California. Kearney shall follow all instructions given by the U.S. Probation Officer.
5. If Kearney is in jeopardy of becoming homeless and unable to reside at his initially approved residence, as noted in condition #2, the U.S. Probation Officer may direct that he reside at and participate in a Residential Reentry Center (RRC) program under the pre-release component as approved by the U.S. Probation Officer, for a period up to 12 months or until discharged by the U.S. Probation Officer pursuant

to 18 U.S.C. § 3563(b)(11). He will follow all program rules. Subsistence fee is waived.

6. Kearney shall consent to have the Social Security Administration appoint a representative payee for his Social Security payments. If any changes in representative payee status are required, the U.S. Probation Officer should be notified.

7. Kearney shall actively participate in, and cooperate with, a regimen of mental health care and psychiatric aftercare as directed and administered by the treating mental health provider, and as approved by the U.S. Probation Officer. Kearney will agree to voluntarily comply with and abide by treatment plans and recommendations made by the U.S. Probation Officer and/or by behavioral health professionals. Treatment providers may be changed with the approval of the U.S. Probation Officer.

8. Kearney shall waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer and other mental health treatment providers, who will assist in evaluating his ongoing appropriateness for community placement

9. Upon the recommendation of the medical provider and/or the U.S. Probation Officer, Kearney will voluntarily admit himself into a hospital for treatment. If he refuses and his continued release would create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he should be remanded to a suitable facility pursuant to 18 U.S.C. § 4246(f).

10. Kearney shall continue to take his medication, including injectable units, as

prescribed for him by the medical provider. If changes in Kearney's medication or treatment regimens occur, the U.S. Probation Officer shall be immediately notified.

11. Kearney shall report to the Los Angeles Department of Mental Health for an initial intake, evaluation, and referral to Full-Service Partnership program within 72 hours of his departure from Gateways Normandie, or at the direction of the U.S. Probation Officer.

12. Kearney shall abstain from the use of alcohol, illegal narcotic substances, or any legal controlled substance not prescribed to him. He shall not abuse prescription or over-the-counter medication. If determined necessary or warranted by the U.S. Probation Officer, Kearney shall participate in substance abuse treatment and submit to random urinalysis and Breathalyzer testing.

13. Kearney shall not possess actual or imitation firearms or other deadly weapons and he may not write, say or otherwise communicate threats. He shall submit to a warrantless search on request of the U.S. Probation Officer or any law enforcement officer of his person or property for the purpose of determining compliance with this provision and shall permit confiscation of any such contraband.

14. Kearney must allow the U.S. Probation Officer to visit him at any time at his residence or elsewhere and must permit the U.S. Probation Officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

15. Kearney must not commit a federal, state, or local crime, and he will notify his U.S. Probation Officer within 72 hours if he is arrested or questioned by any law enforcement officer.

16. Kearney must not communicate or interact with someone he knows is engaged in criminal activity. If he knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first obtaining permission from the U.S. Probation Officer.

17. The United States Marshals Service will be notified to return Kearney directly to the custody of the Attorney General if it is determined he has violated any of these conditions.

Kearney's failure to adhere to any of the conditions of his release may result in his return to custody to be brought before the Court for review of his suitability for conditional release.

It shall be the duty and responsibility of the treatment provider to promptly notify the U.S. Probation Officer of any changes in the prescribed regimen of medical or psychiatric care, including any failure by Kearney to comply with medication or cooperate with the other requirements of the conditions listed above.

The treatment provider or U.S. Probation Officer may at any time recommend modification or elimination of the regimen of medical, psychiatric, or psychological care or treatment upon certification to the Court that to do so would not create a substantial risk of bodily injury to another person or serious damage to property of another. If a request to modify or terminate the conditions of release is made, the party so requesting shall submit a motion to the Court, with adequate documentation supporting the request, and provide copies to the U.S. Probation Officer, the Office of the United States Attorney, Kearney's counsel, and the Warden of FMC Rochester.

Pursuant to 18 U.S.C. § 4247(e), the U.S. Probation Officer shall file annual reports with the Court, and provide copies to the United States Attorney, Kearney's counsel, and the Warden of FMC-Rochester.

Upon receipt and verification of an Order of Conditional Release and prior to the actual date and time of release, the Bureau of Prisons shall notify the appropriate persons to schedule an arrival date, finalize the release paperwork, make transportation arrangements, arrange the initial appointment for mental health aftercare, and contact the assigned U.S. Probation Officer. The U.S. Probation Officer shall notify the Court of the actual release date from FMC-Rochester. The Bureau of Prisons shall release Respondent

Dated: October 5, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge